OPINION
On June 17, 1997, Eric Brown and Daniel Haines were found to be dependant minors and were placed in the temporary custody of appellee, Fairfield County Childrens Services. See, Entry filed June 24, 1997. Appellant, Lori Brown, is the mother of both minors. Father of Eric Brown is appellant Dan Brown and father of Daniel Haines is William Haines. On May 29, 1998, appellee filed a motion requesting permanent custody. Numerous case plans and amendments were filed. Hearings were held on November 3, 1998 and December 17, 1998. By judgment entry filed February 5, 1999, in conjunction with findings of fact and conclusions of law, the trial court terminated the parental rights of appellants and Mr. Haines and granted permanent custody of the minor children to appellee. Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE STATE FAILED TO PRODUCE CLEAR AND CONVINCING EVIDENCE TO JUSTIFY THE COURT'S AWARDING PERMANENT CUSTODY TO FAIRFIELD COUNTY CHILDREN SERVICES.
 II THE TRIAL COURT FAILED TO PROVIDE THE PARENTS OF THE RELATORS WITH DUE PROCESS WHEN IT FAILED TO PROVIDE A RECORD HEARING OF THE PROCEEDINGS FOR PERMANENT CUSTODY.
 II
We will address Assignment of Error II first as we find it to be dispositive of this appeal. Appellants claim the trial court erred in failing to provide a record hearing of the permanent custody proceedings. We agree. A hearing on permanent custody commenced on November 3, 1998. The transcript evidences four witnesses were called on direct and were cross-examined. The testimony of a fifth witness, Dr. Janice Craig, takes up mid-sentence apparently during cross-examination. T. at 136. Following the conclusion of Dr. Craig's re-cross examination, the trial court continued the hearing to December 17, 1998. T. at 144. The permanent custody hearing went forward on December 17, 1998. On April 9, 1999, the court reporter filed an affidavit stating she was unable to transcribe the December 17, 1998 hearing because "I have been informed by Cliff Reynolds, the court bailiff and custodian of the taped proceedings, that no recording exists for the hearing held on 12/17/99 (sic) in the above-captioned matter and therefore no transcript can be prepared." It would appear from the trial court's finding of facts filed February 5, 1999 the trial court based some of its decision on testimony presented during the December 17, 1999 hearing; specifically, the testimonies of appellants, Ms. Brown's counselor, Alice Strawser, and "witnesses for the parents." See, Findings of Fact at page 4. Upon review, we find we are left with an incomplete transcript. Our first inquiry is whether this matter could have been resolved with the use of an App. R. 9(C) statement: If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App. R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App. R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.
Appellant's counsel argues to this court because he was not the trial attorney and upon his belief he could not rely on the memory of the trial attorney, he could not ethically attempt to formulate an App. R. 9(C) statement for the trial court's review. Normally we would find the absence of a trial transcript should be handled pursuant to said rule and we would affirm on the presumption of regularity in the proceedings under the authority of Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. However, because this is reported to be the third incident of this nature, we feel compelled to elaborate further on the rules governing courts of record. Pursuant to R.C. 2151.01(D), the juvenile court is "[t]o provide judicial procedures through which Chapter 2151. of the Revised Code is executed and enforced, and in which the parties are assured of a fair hearing, and their constitutional and other legal rights are recognized and enforced." Juv.R. 37(A) states as follows: The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. * * * The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device.
The Rules of Superintendence for the Courts of Ohio provide the custody of any "[e]lectronically recorded transcripts of proceedings shall be maintained and transcribed in the manner directed by the trial court." See, Sup.R. 11(C). Permanent custody records "shall be retained for two years after the child who is the subject of the case obtains the age of majority." See, Sup.R. 26.03(H)(3). A "record" is defined as "any document, device, or item, regardless of physical form or characteristic, created or received by or coming under the jurisdiction of a court that serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the court." See, Sup.R. 26(B)(6). We note "termination of parental rights is the family law equivalent of the death penalty in a criminal case. The parties to such an action must be afforded every procedural and substantive protection the law allows." In re Smith (1991), 77 Ohio App.3d 1, 16; see also, In re Hayes (1997),79 Ohio St.3d 46. Based upon the above cited requirements, including the obligation to assure parents their constitutional rights (R.C. 2151.01), and the absence of some testimony relied upon by the trial court, we reluctantly reverse and remand the case for a new hearing. At the very least, we reverse and remand for an App. R. 9(C) statement under the trial court's guidance. If said statement cannot be generated, a new hearing is ordered. Assignment of Error II is granted.
 I
Based upon our decision in Assignment of Error II, this assignment is moot.
The judgment of the Court of Common Pleas of Fairfield County, Ohio, Juvenile Division is hereby reversed and remanded.
Farmer J. Wise, P.J. concur. Hoffman, J. dissents.